Tristan G. Pelayes, Esq. (SBN: 206696)
tgp@pelayes-yu.com
Tom Yu, Esq. (SBN: 306699)
tyu@pelayes-yu.com
**LAW OFFICES OF PELAYES & YU, APC**
10803 Foothill Boulevard, Suite 112
Rancho Cucamonga, California 91730
T: 844-998-1033 | F: 909-801-7004

Attorneys for Plaintiff,
EDWARD LU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LU, an individual, | **CASE NO. _5:20-cv-01062-CBM-SHK** |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES:** |
| v. | **1. EXCESSIVE FORCE (42 U.S.C § 1983)** |
| COUNTY OF RIVERSIDE, SAUN D. JACKSON; and DOES 1 through 10 | **2. UNREASONABLE SEARCH AND SEIZURE (42 U.S.C. § 1983)** |
| Defendants. | **3. ASSAULT (CA GOV. CODE §§ 815.2 AND 820)** |
| | **4. BATTERY (CA GOV. CODE §§ 815.2 AND 820)** |
| | **5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (CA GOV. CODE §§ 815.2 AND 820)** |
| | **6. VIOLATION OF BANE ACT (CAL. CIV. CODE § 52.1)** |
| | **DEMAND FOR JURY TRIAL** |

1

FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff EDWARD LU ("Plaintiff") who asserts the following claims of relief against Defendants COUNTY OF RIVERSIDE, SAUN D. JACKSON, and Does 1 through 10, inclusive, and hereby alleges as follows:

## INTRODUCTION

1.    In this action, Plaintiff seeks damages arising from Defendants' execution of a search warrant at Plaintiff's residence that was obtained through deception, where Defendant SAUN D. JACKSON ("Defendant JACKSON") and DOES 1 through 10, deliberately and/or recklessly made false statements or omissions that were material to the finding of probable cause.  Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, and costs from Defendants for violating Plaintiff's rights under the Constitution and California state law, including excessive force, unreasonable search and seizure, and related illegal actions.

## JURISDICTION AND VENUE

2.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims for relief under the Constitution of the United States and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's claims for relief under California state law pursuant to 28 U.S.C. § 1367.

3.    Venue lies in the United States District Court for the Central District of California because the events giving rise to Plaintiff's claims occurred in the County of Riverside, California. 28 U.S.C. § 1391(b)(2).

## PARTIES

4.    At all relevant times, Plaintiff was an individual residing in the County of Riverside, State of California.

5.    At all relevant times, County of Riverside ("Defendant COUNTY") is, and at all times herein alleged was, a public entity organized and existing under the laws of the State of California.  The County of Riverside Sheriff's Department is, and at all times herein alleged was, an agency of the County of Riverside.

FIRST AMENDED COMPLAINT FOR DAMAGES

6.     Defendant COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the Riverside County Sheriff's Department ("RSO") and its tactics, methods, practices, customs and usage.

7.     At all relevant times, Defendant COUNTY was, and still is, the employer of Defendants SAUN D. JACKSON ("Defendant JACKSON") and DOES 1 through 10.

8.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who otherwise sues these Defendants by such fictitious names.

9.     Plaintiff will seek leave to amend this First Amended Complaint to show the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

10.     The Defendants, and each of them, were the agents, employees, joint venturers and co-conspirators of each of the remaining Defendants.  Each of the Defendants were acting within the course and scope of said agency, employment, joint venture or conspiracy at all relevant times.  Each Defendant agreed in advance to the tortious objective of the conspiracy and committed affirmative acts in furtherance of the conspiracy.  To the extent any act of any Defendants was not initially authorized, the same was subsequently ratified by the remaining Defendants.

## **GENERAL ALLEGATIONS**

11.     All operative facts are pleaded upon information and belief.

12.     On December 13, 2019, at approximately 3:45 p.m., Plaintiff and his minor children, J.L., and L.L. were in their home, located at 7082 Cedar Creek Road, in the unincorporated area of Eastvale, County of Riverside, when RSO

3

1    deputies from the Jurupa Valley Station executed a search warrant that was

2    obtained through judicial deception.

3         13.    According to the affiant of the search warrant, Defendant JACKSON,

4    RSO deputies were seeking items associated with the unlawful cultivation of

5    marijuana at Plaintiff's residence.

6         14.    Plaintiff has never ingested, smoked, used, sold, transported,

7    cultivated, and/or even had any contacts with anyone that was engaged in the

8    unlawful cultivation and/or transportation, sales, or the unlawful use of marijuana.

9         15.    Plaintiff resides at his home with his wife and the two minor children.

10   He has never been arrested in the past and is a small business owner, who utilizes

11   his home as place of employment. At the time the warrant was executed, Plaintiff's

12   wife was not home.

13        16.    In light of the false statements that were presented before the judge by

14   Defendant JACKSON, there was no probable cause to search Plaintiff's residence.

15        17.    The false statements submitted by Defendant JACKSON and other

16   deputies of RSO were material, in that the remaining portions of the affidavit did

17   not justify the issuance of the warrant to Plaintiff's residence.

18        18.    The material underlying facts that gave rise to the probable cause for

19   the search warrant were fabricated by the affiant, Defendant JACKSON, and/or

20   members of the RSO.  The judge, in signing the warrant, highly relied on said

21   material facts that were deliberately and/or recklessly falsified by Defendant

22   JACKSON and/or members of the RSO.

23        19.    The materially false statements that were critical to the probable cause

24   determination by the judge who issued the warrant, include, but are not limited to:

25             a.  RSO deputy, Corporal Herington deliberately and/or recklessly

26                provided false statements that on December 10, 2019, at about 9:07

27                p.m., while he was sitting inside his patrol vehicle, he was somehow

28                able to smell Plaintiff's car containing an "odor of marijuana."

4

- Plaintiff was not driving his vehicle on December 10, 2019
  at about 9:07 p.m. and did not make a "left turn in a hurry"
  for Corporal Herington to obtain the vehicle's license plate.
- Plaintiff's vehicle never contained an "odor of marijuana"
  for Corporal Herington to smell any purported marijuana
  odor, because there was never any marijuana inside
  Plaintiff's vehicle.
- Absent Plaintiff's vehicle being in the area, Corporal
  Herington's alleged smell of marijuana is impossible to link
  Plaintiff to any criminal activity.

b. Corporal Herington deliberately and/or recklessly provided false
statements that on December 11, 2019, Corporal Herington contacted
a Southern California Edison ("SCE") investigator who said that
Plaintiff's residence was "currently utilizing electricity bypassed the
meter" and that "$100,000 in electricity had been stolen over the last
year and the bypass created so much heat it was now on the verge of
catching fire posing a public safety issue."

- Corporal Herington did not contact the SCE investigator on
  or about December 11, 2019 concerning the bypassing and
  theft of electricity totaling to $100,000.
- Corporal Herington lied and fabricated the purported contact
  with the SCE investigator in order to bolster the affidavit
  authored by Defendant JACKSON.
- Defendant JACKSON knew that Corporal Herington
  fabricated and lied about the purported contact with the SCE
  investigator and used the false information in the affidavit.
- Absent the lies by Corporal Herington and subsequently
  incorporated by Defendant JACKSON, the search warrant

5

affidavit lacks any corroborating evidence which showed Plaintiff's residence being engaged in any cultivation of marijuana and/or theft of electricity.

c.  Corporal Herington deliberately and/or recklessly provided false statements that on December 11, 2019, the SCE investigator "attempted to obtain a curbside reading of the amperage output from curbside to meter." In addition, Corporal Herington deliberately and/or recklessly provided false statements that the SCE investigator was unable to read the meter and that "due to such high output, the wires were melting." Another deliberately and/or recklessly provided false statement made by Corporal Herington was that the SCE investigator advised him that "these readings indicated the power draw into the residence will certainly lead to a fire in the electrical panel on the house and the 'handhole' street side in front of the residence. This in turn would become a safety issue to the public and a hazard to the surrounding residences."

- Corporal Herington fabricated and lied about the encounter with and any alleged observations by the SCE investigator on December 11, 2019 at about 1600 hours because no SCE investigator was ever contacted by anyone from the RSO about Plaintiff's residence being involved in an indoor marijuana grow.

- Corporal Herington fabricated and lied about the electrical readings of Plaintiff's residence being a fire and safety hazard to the surrounding residences.

- Absent the lies by Corporal Herington and subsequently incorporated by Defendant JACKSON, the search warrant affidavit lacks any physical evidence tending to show that

6

Plaintiff's residence was engaged in the unlawful cultivation
of marijuana and/or theft of electricity.

    d. Corporal Herington deliberately and/or recklessly provided false
statements that on December 11, 2019, the SCE investigator "smelled
the odor of fresh marijuana" emitting from Plaintiff's residence during
the purported attempt reading of the electric meter.

- Corporal Herington lied and fabricated the purported attempt
to read the electric meter at Plaintiff's residence on
December 11, 2019 by the SCE investigator whereupon, the
SCE investigator smelled the odor of fresh marijuana.

- Corporal Herington knowingly provided the false statements
concerning the purported observations of the SCE
investigator in an effort to bolster the affidavit authored by
Defendant JACKSON.

- Defendant JACKSON knew about the fabricated
observations concerning the SCE investigator and used the
false information in the affidavit.

- Absent the lies by Corporal Herington and subsequently
incorporated by Defendant JACKSON, the search warrant
affidavit lacks any perceptions of sight and smell related to a
marijuana grow and/or theft of electricity.

    e. Defendant JACKSON deliberately and/or recklessly provided false
statements that, "On December 12, 2019 Cpl. Herington and I drove
by the location 7082 Cedar Creek Rd. [Plaintiff's residence], I saw
that all of the windows visible from the street were covered with
closed window coverings. As Cpl. Herington and I turned onto Cedar
Creek Rd. we could smell the odor of fresh marijuana in the air. As
we approached 7082 Cedar Creek Rd. the odor became stronger."

FIRST AMENDED COMPLAINT FOR DAMAGES

- Corporal Herington and Defendant JACKSON both fabricated and lied about (1) smelling the odor of fresh marijuana in the air and (2) the odor being stronger as both deputies approached Plaintiff's residence because there was never any marijuana in or around Plaintiff's residence.

20. Without the falsely included above-mentioned facts, the remaining portion of the affidavit contains unproven, uncorroborated, and unreliable information that was entitled to no weight. Particularly, Defendant JACKSON stated that,

a. "It should be noted this is the same plate and vehicle that Cpl. Herington observed on December 10th. As we drove past the residence, we noticed the garage door windows appeared to be covered with black material. I know from my training and experience marijuana cultivators who steal electricity will do this to conceal actions within the garage specific to the illegal electrical bypass."

- Shorn of the false information about what Corporal Herington and Defendant JACKSON saw and smelled on December 12, 2019, and absent the fabricated lies provided by Corporal Herington about what he saw and smelled on December 11 and December 10, 2019, the observations about Plaintiff's "garage door windows appeared to be covered with black material" does not yield to any evidence of a crime being committed.

b. "Based on my training and experience people who use houses to cultivate Marijuana indoors often have all shutters closed so no one can see in. This is done to avoid detection from thieves, unsupportive neighbors, and law enforcement. Based on my training and experience I know that indoor Marijuana cultivations use extra air conditioning units, fans air filters [sic] and lighting. All the additional fans and air filters create a vacuum within the house, so growers will often partially and or fully open windows to

8

help with airflow. Due to the large amount of airflow being drawn in through the partially opened windows, the screens on the windows are often covered in dirt and debris. Due to the fact these residences using numerous air conditioners, high wattage lighting, fans and filters, these residences will subsequently use a high volume of electricity."

- In light of the false information about what Corporal Herington and Defendant JACKSON saw and smelled on December 12, 2019, including the fabricated statements by Corporal Herington about what he saw and smelled on December 11 and December 10, 2019, Defendant JACKSON's observations on Plaintiff's residence are not tied in any way to the indoor cultivation of marijuana and/or the theft of electricity.

- Defendant JACKSON's qualifications and experience about the typical physical features of an indoor marijuana grow and the applicable bypass apparatus are too vague to support probable cause as to Plaintiff's residence and/or Plaintiff being involved in any criminal activity.

21. Absent the above-mentioned false statements, the remaining portion of the affidavit contained unproven, uncorroborated and unreliable information that was entitled to no weight, and Judge Smith would not have signed the search warrant on December 12, 2019.

22. On December 13, 2019, at or about 3:45 p.m., RSO deputies, including Defendant JACKSON, executed the search warrant at Plaintiff's residence. Once deputy personnel arrived at the location and announced themselves in accordance with Penal Code section 844, Plaintiff immediately complied and placed his hands above his head.

9

23.    Despite Plaintiff placing his hands above his head and being completely compliant with RSO deputies, the deputies still pointed their firearms at Plaintiff.  At the time of the warrant being executed, it was still daylight. Plaintiff has never been arrested in the past did not have any firearms registered to him inside his residence.

24.    Within seconds of making entry to Plaintiff's residence, it was crystal clear that the location did not contain any evidence of criminal activity and that Plaintiff was not involved in any criminal activities.

25.    It was abundantly apparent to RSO deputies that there was no cultivation of marijuana taking place inside the Plaintiff's residence, in that Plaintiff's residence did not contain of any of the indicia involved with the sale, transportation, use, or cultivation of marijuana.  The home was occupied and inhabited by Plaintiff and his family.

26.    However, despite being placed on actual notice that no criminal activity was taking place inside Plaintiff's home, RSO deputies still detained Plaintiff in handcuffs for over 1 hour in the backseat of a patrol vehicle.

27.    As a result of this incident, Plaintiff alleges that the wrongful conduct set forth in this Complaint has caused him to suffer economic damages, lost wages and benefits, as well as emotional distress, including, but not limited to, loss of sleep, loss of self-esteem and confidence, and reputational harm.

28.    Plaintiff suffered immense embarrassment, emotional distress, and reputational harm after being detained in the presence of his community and the onlooking neighbors. This incident was particularly damaging to Plaintiff, as he was handcuffed and escorted from his residence, where the onlookers could associate his small business with the detention. Plaintiff was further embarrassed and damaged by being detained for over 1 hour in the presence of his two minor children.

FIRST AMENDED COMPLAINT FOR DAMAGES

29.    Plaintiff has timely complied with all claim presentation requirements
for suits against governmental entities contained in California Government Code
section 900 *et. seq.* by submitting a claim on April 6, 2020.  The claim was
rejected by Defendant COUNTY on April 10, 2020. [1]

## FIRST CLAIM FOR RELIEF

### FOURTH AMENDMENT EXCESSIVE FORCE

### (42 U.S.C. § 1983)

*[Against Defendant JACKSON and DOES 1-10]*

30.    Plaintiff re-alleges and incorporates by reference the allegations set
forth in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.    Under 42 U.S.C. Section 1983, "Every person who under color of
[state law] subjects or causes to be subjected [any person to] the deprivation of any
rights shall be liable . . . in an action at law, Suit in equity, or other proper
proceedings for redress . . ."

32.    When Defendant JACKSON and the RSO deputies first arrived at
Plaintiff's residence to execute the search warrant that was obtained based on
judicial deception, he was told to exit his residence with his hands up.  Plaintiff did
so.  During this interaction, Plaintiff was cooperative, calm, and compliant with the
on-scene deputies during the entire encounter.

33.    Despite Plaintiff being noncombative, non-resistant, and made no
attempts to escape, and presented zero danger to the safety of the deputies or the
safety of the public, over one dozen armed deputy sheriffs still pointed their
firearms at Plaintiff.

---

[1] Plaintiff's state law claims in this First Amended Complaint are based on the
allegations of Defendant JACKSON and the other RSO deputies of using the
above-mentioned false statements to obtain the search warrant and/or the unlawful
one-hour detention of Plaintiff.

34.     Defendants, acting under color of law, deprived Plaintiff of the rights, privileges and immunities secured by the Fourth and Fourteenth Amendments of the United States Constitution in subjecting Plaintiff to excessive and unjustified force.

35.     As a direct and proximate result of the aforementioned acts, Plaintiff suffered general and special damages, including physical injuries, pain and suffering, mental anguish, and emotional and physical distress to be proven at trial.

36.     The above described conduct of the individual defendants was despicable, and was perpetrated with malice, oppression, and/or reckless disregard for the constitutionally protected rights and safety of Plaintiff.  Therefore, Plaintiff is entitled to recover exemplary and punitive damages against the individual Defendants and DOE Defendants to be identified.

37.     By reason of the aforementioned actions of Defendants, Plaintiff was required to and did retain an attorney to initiate and prosecute the within action. By reason thereof, Plaintiff requests reimbursement by Defendants of a reasonable sum of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### FOURTH AMENDMENT UNREASONABLE SEARCH AND SEIZURE

### (42 U.S.C. § 1983)

*[Against Defendant JACKSON and DOES 1-10]*

38.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

39.     This claim for relief is designed to redress the deprivation, under color of law, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity guaranteed by the Fourth Amendment to the Constitution, to be free from unreasonable searches and seizures by police officers acting under the color of law.  As described herein above, Defendants, and each of them, acting by way

of the color of authority of Defendant COUNTY, the Defendants, each of them,
violated Plaintiff's Fourth Amendment rights by obtaining a search warrant
through deception. Specifically, Defendant JACKSON and RSO deputies
deliberately and/or recklessly made false statements or omissions that were
material to the finding of probable cause.

40.   Plaintiff was detained in front of his home for over 1 hour, even after
the Defendants discovered that no criminal activity was occurring from his
residence.

41.   The conduct of Defendant JACKSON and RSO deputies amounted to
an unreasonable seizure of Plaintiff's person and home. The search of Plaintiff's
person and home by Defendant JACKSON and RSO deputies was unreasonable
and without legal justification.

42.   As a direct, proximate and foreseeable result of Defendants'
unreasonable search and seizure, Plaintiff suffered emotional distress,
embarrassment and reputational harm. The exact amount of this damage is not
currently known to Plaintiff, who will seek leave of court to amend this Complaint
upon ascertaining the precise amount of said damages.

43.   As a result of Defendants' conduct as alleged above, Plaintiff has
suffered, and will continue to suffer, general damages. The full amount of these
damages is not currently known to Plaintiff, who will seek leave of court to amend
this Complaint upon ascertaining the precise amount of said damages.

44.   The conduct of the Defendants, and each of them, was wanton,
willful, deliberate, and in conscious disregard of the rights and feelings of Plaintiff,
was undertaken with the intent to cause Plaintiff injury and constitutes malice,
actual, express and implied. Accordingly, Plaintiff is entitled to an award of
punitive damages against the individual nonpublic entity Defendants in a sum to be
established at trial sufficient to deter future similar conduct.

///

## THIRD CLAIM FOR RELIEF

### ASSAULT

### (Cal. Gov. Code § § 815.2 and 820)

*[Against All Defendants]*

45.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46.    Defendants committed overt acts in which Defendants intended to either inflict a harmful or offensive contact on Plaintiff, or intended to cause Plaintiff to fear such contact, as alleged herein in this Complaint.

47.    Defendants' actions placed Plaintiff in apprehension of an immediate harmful or offensive contact.

48.    Plaintiff did not consent to Defendants' conduct.

49.    As a direct, proximate and foreseeable result of Defendants' conduct of using the above-mentioned false statements to obtain the search warrant and/or the unlawful one-hour detention of Plaintiff by Defendant JACKSON and the other RSO deputies, Plaintiff suffered emotional distress, embarrassment and reputational harm.  The exact amount of this damage is not currently known to Plaintiff, who will seek leave of court to amend this complaint upon ascertaining the precise amount of said damages.

50.    As a result of Defendants' tortious conduct as alleged above, Plaintiff has suffered, and will continue to suffer, general damages.  The full amount of these damages is not currently known to Plaintiff, who will seek leave of court to amend this complaint upon ascertaining the precise amount of said damages.

51.    The conduct of the Defendants, and each of them, was wanton, willful, deliberate, and in conscious disregard of the rights and feelings of Plaintiff, was undertaken with the intent to cause Plaintiff injury and constitutes malice,

FIRST AMENDED COMPLAINT FOR DAMAGES

actual, express and implied. Accordingly, Plaintiff is entitled to an award of exemplary damages, pursuant to the terms of California Civil Code Section 3294, against the individual nonpublic entity Defendants in a sum to be established at trial sufficient to deter future similar conduct.

## FOURTH CLAIM OF RELIEF

### BATTERY

### (Cal. Gov. Code § § 815.2 and 820)

*[Against All Defendants]*

52.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

53.    Defendants made harmful or offensive contact with Plaintiff, as alleged herein in this Complaint.

54.    Defendants intended that the contact harm or offend Plaintiff.

55.    Plaintiff did not consent to the contact.

56.    As a direct, proximate and foreseeable result of Defendants' conduct of using the above-mentioned false statements to obtain the search warrant and/or the unlawful one-hour detention of Plaintiff by Defendant JACKSON and the other RSO deputies, Plaintiff suffered emotional distress, embarrassment and reputational harm. The exact amount of this damage is not currently known to Plaintiff, who will seek leave of court to amend this Complaint upon ascertaining the precise amount of said damages.

57.    As a result of Defendants' tortious conduct as alleged above, Plaintiff has suffered, and will continue to suffer, general damages. The full amount of these damages is not currently known to Plaintiff, who will seek leave of court to amend this Complaint upon ascertaining the precise amount of said damages.

58.     The conduct of the Defendants, and each of them, was wanton,
willful, deliberate, and in conscious disregard of the rights and feelings of Plaintiff,
was undertaken with the intent to cause Plaintiff injury and constitutes malice,
actual, express and implied.  Accordingly, Plaintiff is entitled to an award of
exemplary damages, pursuant to the terms of California Civil Code section 3294,
against the individual nonpublic entity Defendants in a sum to be established at
trial sufficient to deter future similar conduct.

## FIFTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Cal. Gov. Code § § 815.2 and 820)

*[Against all Defendants]*

59.     Plaintiff repeats and realleges each and every allegation in paragraphs
1 through 58 of this Complaint with the same force and effect as if fully set forth
herein.

60.     The egregious conduct of Defendants directed towards Plaintiff is so
extreme as to be beyond all bounds of decency tolerated by society.

61.     In committing this egregious conduct, Defendants either intended to
cause emotional distress to Plaintiff or acted in reckless disregard of the probability
of causing emotional distress to Plaintiff.

62.     The distress suffered by Plaintiff as a result of Defendants' conduct
was and is severe and enduring.

63.     As a direct, proximate and foreseeable result of Defendants' conduct
of using the above-mentioned false statements to obtain the search warrant and/or
the unlawful one-hour detention of Plaintiff by Defendant JACKSON and the other
RSO deputies, Plaintiff suffered emotional distress, embarrassment and
reputational harm.  The exact amount of this damage is not currently known to

FIRST AMENDED COMPLAINT FOR DAMAGES

1  Plaintiff, who will seek leave of court to amend this Complaint upon ascertaining

2  the precise amount of said damages.

3    64.    As a result of Defendants' tortious conduct as alleged above, Plaintiff

4  has suffered, and will continue to suffer, general damages. The full amount of

5  these damages is not currently known to Plaintiff, who will seek leave of court to

6  amend this Complaint upon ascertaining the precise amount of said damages.

7    65.    The conduct of the Defendants, and each of them, was wanton,

8  willful, deliberate, and in conscious disregard of the rights and feelings of Plaintiff,

9  was undertaken with the intent to cause Plaintiff injury and constitutes malice,

10 actual, express and implied.  Accordingly, Plaintiff is entitled to an award of

11 exemplary damages, pursuant to the terms of California Civil Code section 3294,

12 against the individual nonpublic entity Defendants in a sum to be established at

13 trial sufficient to deter future similar conduct.

14                    **<u>SIXTH CLAIM FOR RELIEF</u>**

15                      **Violation of Bane Act**

16                      **(Ca. Civ. Code §52.1)**

17                      *[Against all Defendants]*

18   66.    Plaintiff re-alleges and incorporates by reference the allegations set

19 forth in paragraphs 1 through 65 of this Complaint as if fully set forth herein.

20   64.    Defendant JACKSON and Does 1 through 10, each of them, while

21 working as deputy sheriffs for Defendant COUNTY and acting within the course

22 and scope of their duties, conspired and/or, acted in concert with each other, and

23 interfered with, and/or attempted to interfere with, by threats, intimidation, and

24 coercion, and by excessive force, unreasonable seizure and search, the exercise or

25 enjoyment by Plaintiff of his rights secured by the Constitution or laws of the

26 United States and of the rights secured by the California Constitution and the laws

27 of California, as described above; in violation of Cal. Civ. Code § 52.1.

28

67. Plaintiff reasonably believed that if he exercised his Constitutional rights to be free from being the victim of excessive force and unreasonably searched and seized, Defendants, and each of them, would and did commit acts involving violence, threats, coercion, and/or intimidation against him and/or his property.

68. Defendants, and each of them, are liable for said violations of Plaintiff's constitutional and statutory rights, pursuant to Cal. Civil Code § 52.1 otherwise pursuant to the common law.

69. As a direct and proximate result of Defendants' actions of using the above-mentioned false statements to obtain the search warrant and/or the unlawful one-hour detention of Plaintiff by Defendant JACKSON and the other RSO deputies, Plaintiff suffered severe emotional distress, including but not limited to, anxiety, humiliation, embarrassment, and shame.

70. The conduct of Defendant JACKSON and DOES 1 through 10, and each of them, was a substantial factor in causing the harm, losses, injuries, and damages to Plaintiff.

71. Defendant COUNTY is vicariously liable for the wrongful acts of Defendant JACKSON and Does 1 through 10, pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's actions would subject him or her to liability.

72. The action by Defendants were done maliciously, oppressively and constituted despicable conduct, sufficient for an award of damages against the individual Defendants, including punitive/exemplary damages in an amount to be shown at trial.

73. As a further legal result of this civil rights violations, Plaintiff will seek the award of reasonable attorney's fees as provided under Cal. Civil Code §§ 52.1 and 52.1(h), in an amount to be determined according to proof at trial.

FIRST AMENDED COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants, and each of them, and prays for the following relief:

1. For special and compensatory damages according to proof;

2. For pre-judgement interest as allowed by law;

3. For general damages according to proof;

4. For punitive damages as allowed by against the individual named defendants;

5. For costs of suit herein;

6. For reasonable attorney's fees as allowed by law; and

7. For such other and further relief as the court deems just and proper.


Dated: December 29 , 2020          **LAW OFFICES OF PELAYES & YU, APC**
                                   */s/ Tom Yu*
                                   Tristan G. Pelayes, Esq.
                                   Tom Yu, Esq.
                                   Attorneys for Plaintiff,
                                   EDWARD LU


**DEMAND FOR JURY TRIAL**

Plaintiff EDWARD LU hereby demands a trial by jury.


Dated: December 29, 2020          **LAW OFFICES OF PELAYES & YU, APC**
                                   */s/ Tom Yu*
                                   Tristan G. Pelayes, Esq.
                                   Tom Yu, Esq.
                                   Attorneys for Plaintiff,
                                   EDWARD LU

19

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF SAN BERNARDINO     )

     I, the undersigned, declare:

     I am employed in the County of San Bernardino, State of California.  I am over the age of 18 years and not a party to this action; my business address is 10803 Foothill Boulevard, Rancho Cucamonga, CA 91730.

On the date written below, I served the document named below on the parties indicated below, in the following manner:

☒  **(By Mail)** I am familiar with this office's practice for the collection and processing of documents for mailing with the United States Postal Service.  The documents are deposited with the United States Postal Service on the same day in the ordinary course of business.  I placed a true copy of the document thereof in a sealed envelope and caused said document(s) to be delivered in this manner.

**DOCUMENT:**          **FIRST AMENDED COMPLAINT FOR DAMAGES**

**PARTIES SERVED:**

| | |
|---|---|
| **Law Offices of Ferguson, Praet & Sherman, APC**<br>Allen Christiansen, Esq.<br>achristiansen@law4cops.com<br>1631 E. 18th Street<br>Santa Ana, CA 92705 | *Attorney's for County of Riverside and Saun D. Jackson* |

☒  **(STATE)** I declare under penalty of perjury under the laws of the State of California, United State of America that the above is true and correct to the best of my knowledge.

Executed on December 29, 2020 at Rancho Cucamonga, California.

                           _Cynthia Chamblin_
                           Cynthia Chamblin, Declarant

PROOF OF SERVICE - 1